GUSTAV A. SCHLENS

*vs.*

EDWIN W. POE ET AL., RECEIVERS.

—

EDWIN W. POE ET AL., RECEIVERS

*vs.*

GUSTAV A. SCHLENS.

—

THE VILLAGE OF LYONS ET AL.

*vs.*

GUSTAV A. SCHLENS.

*Re-insurance agreements between surety companies; insolvency;
accounting.*

Directions given for the accounting and the allowance of
certain costs and expenses, growing out of a re-insurance con-
tract between the surety companies, when one of them has be-
come insolvent.                              pp. 184-188

*Decided June 27th, 1917.*

Three appeals in one record from the Circuit Court of
Baltimore City.   (HEUISLER, J.)

The facts are stated in the opinion of the Court.

The causes were argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Alfred S. Niles* (with whom were *Carlyle Barton, Chester F. Morrow* and *Morris Wolf,* on the brief), for Gustav Schlens.

*Edgar Allan Poe* and *J. Kemp Bartlett,* for the receivers.

STOCKBRIDGE, J., delivered the opinion of the Court.

The present appeal brings to the attention of this Court for the fifth time the contract entered into some twelve years ago between the United Surety Company of the City of Baltimore and the Munich Insurance Company.

The previous cases will be found reported respectively in 113 Md. 200; 121 Md. 479; 126 Md. 520 and 128 Md. 352. The main facts in this litigation are fully set out in 121 Md. 479, and 128 Md. 352, and it would serve no useful purpose to repeat them again.

It should be stated *in limine* that no new question of law is now presented, or one which has not already been considered and passed upon. The only questions upon which any argument is possible, arise out of the report of the auditor made after and for the purpose of carrying into effect the decision of this Court in 128 Md.

The real points now attempted to be called in question are three in number, and are succinctly stated in the brief filed on behalf of Mr. Schlens as follows:

"1. What portion of the amount received by the Receivers September 30th, 1913, in payment of their claim against the Munich Re-Insurance Company represented the interest of Mr. Schlens therein?

"2. What amount of the expenses incurred in recovering this amount is properly chargeable to Mr. Schlens?

"3. Is the Lynch item a proper credit to be allowed the Receivers?"

Upon the first of these propositions there is no difficulty whatever. The principles which guided the auditor in his action were those expressly announced by this Court speaking through JUDGE URNER in 121 Md. 479. Much time and effort was given by the counsel representing the receivers and the Bank of Lyons in an endeavor to induce this Court to alter or modify the conclusion heretofore reached, and on a careful review of the entire litigation, no sufficient reason appears for so doing.

The theory upon which the counsel for the receivers apparently proceed is, that no account as between the two companies could be stated upon an annual basis which would in effect be final, but that such accounts were bound to remain open until the end of the entire five years of the contract. The complete answer to this is to be found in the 8th and 9th articles of the contract, which provided for the statement of accounts within two months after the close of each year of the business of the preceding year, and the payment by one company or the other of the balance as shown to be due by such accounts. The account to be stated at the close of the fifth or last year would inevitably, under the provisions of the contract, differ in certain respects from the annual accounts of the preceding year, but that was provided for in the agreement, as was distinctly recognized in the decision in 121 Md.

The indebtedness of the Munich Company to the United Surety Company for the years 1906 and 1907 was an issue directly involved and determined in 121 Md., and that Mr. Schlens as assignee of the interest of the Messrs. Knabe was entitled thereto for the two years named was fully passed upon in 128 Md. This is of course subject to any proper deduction for payments made for or on account of the interest of the Messrs. Knabe, acquired under their contract with the United Surety Company, and also a proper proportion of the expenses incurred in recovering the indebtedness of the Munich Company.

This last requires the determination of the second question above stated. Two theories have been suggested for the ascertainment of this proportion; one that Mr. Schlens should share in the expenses in proportion to his recovery; the other, that Mr. Schlens should be required to pay but two-fifths of the amount of those expenses, by reason of the fact that his interest related only to two years out of the five for which the contract was to run. Neither of these will result in exact justice to all the parties interested, but an approximation of it is all that can be made.

The litigation between the Receivers of the United Company and the Munich Company involved the right of the Receivers to recover for an entire period of five years. So far as the recovery was concerned it was indivisible, that is to say, the contract could not have been sustained as to two years and held void as to the other three years, and while Mr. Schlens was entitled to a recovery only for two years of the time of the contract, he was nevertheless vitally interested in sustaining the entire contract, as otherwise there would have been nothing to come to him as the result of the litigation. It would be inequitable, therefore, to hold that Mr. Schlens was liable only for two-fifths of the cost and expenses incurred in the prosecution of the litigation against the Munich Company.

In the brief filed by Mr. Schlens in the case reported in 128 Md., it was said, that he, through his counsel was willing to agree "to share the expenses in proportion to his recovery." That proffer is now sought to be withdrawn, and it probably had no binding or legal effect upon Mr. Schlens; it is also to be noted that the expression in the prior case proposing the sharing of the expense is not altogether free from ambiguity.

What we have to deal with upon this question is not so much a question of legal right, as one of doing justice and equity as between the parties, and in the view of this Court, unless there are some special circumstances which should

control the Court, the costs and expenses should equitably be borne by Mr. Schlens and the Receivers, in the same proportion that the amount of the interest accruing to Mr. Schlens, bears to the amount which will pass to the Receivers of the total recovery from the Munich Company.

The costs and expenses were of two characters: 1st, the counsel fees and costs incurred in the contention to sustain the entire contract; and 2nd, the counsel fees and fees paid the Audit Company of New York and the American Audit Company, for auditing the accounts for the five years.

It is urged on behalf of Mr. Schlens that this second, element of expense stands in a somewhat different position from the first. The endeavor to separate this portion of the expense can not be successfully maintained, in view of the fact that the employment of the Auditing Companies was agreed to by the parties on the 19th November, 1910; by which agreement the Auditing Companies were to state accounts in annual periods, not for certain specified or designated years less than the five years embraced in the original contract between the United Surety Company and the Munich Company.

Mr. Schlens was not a party to this agreement; that agreement was between the representatives of the two insurance companies; but Mr. Schlens now depends for the ascertainment of the amount of his claim upon the accounts so stated, and it would be inequitable for him to claim an advantage resulting from the work of the Auditing Companies, and be relieved from the burden thereby entailed. This Court feels constrained to hold, therefore, that Mr. Schlens should share in the expenses connected with the Munich claim in proportion to the amount of his recovery.

In what is known as the Lynch claim the Court is asked to treat as a set-off, or to charge back against Mr. Schlens, the sum of $1,000, being the proceeds of certain shares of stock in an Apartment House Company in Washington, which stock had, at the time when the United Surety Com-

pany was a going concern, been turned over to it as security for a claim which it had against a man by the name of Lynch, and which stock was subsequently sold and netted the sum of $950.00. In dealing with this claim the auditor reported that testimony in addition to that produced before him was proposed to be given before the Court, and that without such additional testimony he did not feel that he could pass on this item intelligently. By the decree of the Court the $1,000, known as the Lynch claim, was determined to be a proper credit to be allowed to the Receivers. With this conclusion this Court is unable to agree.

It was not until long after the proceedings in this matter had been under way, that any claim whatever was set up on behalf of the Receivers for the allowance of this claim as a charge against the interest of Mr. Schlens. The evidence and pleadings both tend to show that the Receivers, with full knowledge of the facts, at first made no claim whatever upon this sum, and that claim was first set up when the present counsel for the receivers came into the case. How far it entered into the consideration of the Court in the case reported in 128 Md. it is impossible to say, but the opinion in that case concludes with these words, "all the set-offs, except the item of $1,981.16 with interest will be disallowed." But it is not necessary to rest the conclusion upon this branch of the case either upon the theory of estoppel or of *res adjudicata.*

The indebtedness of Lynch was for the sum of $2,247.10. For this a note of $3,475 was taken, together with eighty-five shares of the capital stock of the Binney Apartment House Company. This collateral was among the assets which were sold by the Surety Company to Mr. Knabc. When the stock was sold and the proceeds remitted from Washington to the Receivers they were immediately turned over by the Receivers to the counsel for Mr. Schlens.

At the time when this occurred the receivers had been in possession of the property for more than two years, but made

no claim that this stock or any part of it properly belonged to them as against Mr. Schlens, the assignee of the Messrs. Knabe. Apparently the theory of the receivers or their counsel now is that the assignment of the stock was for the purpose of securing advances made subsequent to the assignment, but the whole evidence tends to discredit this theory, and accordingly this claim of the receivers and the Bank of Lyons will be disallowed.

The decree of the Circuit Court of Baltimore City from which the three appeals were taken, and which have now been considered, will be affirmed in part and reversed in part, and the case remanded, to the end that the said decree may be modified in accordance with the views above expressed.

> *Decree affirmed in part and reversed in part, and case remanded; the costs to be paid by the Receivers out of the funds in their hands.*